UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JEFFREY BROXSON and RENEE BROXSON,

Plaintiff(s),

v.

YCT. VICTORY, Washington Registration No. WN01121KT,

Defendant(s).

NO. C06-1754MJP

ORDER DENYING MOTION TO STAY

The above-entitled Court, having received and reviewed:

1. Plaintiffs' Motion to Stay Proceedings (Dkt. No. 19)

2. Nymarks' Opposition to Motion to Stay (Dkt. No. 20)

3. Plaintiffs' Reply on Motion to Stay Proceedings (Dkt. No. 22)

and all exhibits and declarations attached thereto, makes the following ruling:

IT IS HEREBY ORDERED that the motion is DENIED.

IT IS FURTHER ORDERED that the parties will submit a Joint Status Report by no later than June 4, 2007 or face possible sanctions, up to and including dismissal for failure to prosecute.

**Background**[1]

Plaintiffs allege that in August 2005 their vessel was "hit and run" by the Defendant vessel, owned and operated at that time by the Nymarks. Mr. Nymark alleges that, in the course of confronting him about the incident, Broxson assaulted him. The Nymarks sued the Broxsons in state court for the assault. King County Superior Court Case No. 05-2-27380-1. The Broxsons

---

[1] The facts are drawn from Plaintiffs' "Verified Statement of Facts," which were not disputed by the nonmoving party. Pltfs' Memo, pp. 1-3.

**ORD ON MTN TO STAY - 1**

1  counterclaimed for the injuries to themselves and their vessel resulting from the collision. That case is
2  set for jury trial on July 9, 2007.

3  Defendant vessel was not federally registered so Plaintiffs could not file a maritime lien against
4  it with the Coast Guard. Instead, they filed a lien as a UCC informational filing with Washington State
5  Department of Licensing. However, in the summer of 2006, Mr. Nymark sold his vessel to a third
6  party. Fearing that a change of ownership to an innocent third party could leave them vulnerable to a
7  laches defense, Plaintiffs filed this *in rem* proceeding against the vessel in federal court. After the
8  vessel was arrested, the insurance underwriters for the vessel issued a letter of undertaking to secure
9  the boat's release.

10  The federal matter is currently awaiting the assignment of a trial date and a related schedule for
11  pretrial events. The parties have yet to file a Joint Status Report which is the necessary prerequisite to
12  the creation of the case schedule.

**Discussion**

14  Plaintiffs cite to the Colorado River doctrine for the argument that there are cases where
15  "exceptional circumstances" permit a federal court to abstain from exercising jurisdiction, Colorado
16  River Water Conservation District v. United States, 424 U.S. 800 817-818 (1976). They argue that
17  the conservation of judicial resources, the avoidance of "piecemeal litigation" and the possibility of
18  inconsistent outcomes all militate in favor of postponing further action on this case until the state court
19  case resolves. Plaintiffs also assert that resolution of the *in personam* lawsuit in state court will be
20  determinative of the *in rem* outcome in this proceeding as well.

21  Defendant disputes that the outcome of the state case will be determinative of the federal
22  issues, citing a maritime law treatise for the proposition that "[a]n *in personam* judgment creates no *in*
23  *rem* right against a vessel and does not give rise to a maritime lien." 2 Benedict on Admiralty: Claims

**ORD ON MTN
TO STAY - 2**

Against the Vessel, § 25, n. 2 (7th ed. 2000). The Court makes no finding here regarding the res judicata or collateral estoppel effects of the state court proceedings.

What is determinative of this motion, however, is the existence of Ninth Circuit precedent holding that the Colorado River doctrine will not be applied where a federal court has exclusive jurisdiction, such as exists over the *in rem* claims of this suit. "[T]he district court has *no discretion* to stay proceedings as to claims within exclusive federal jurisdiction under the wise judicial administration exception." Silberkleit v. Kantrowitz, 713, F.2d 433, 436 (citing Turf Paradise, Inc. v. Arizona Downs, 670 F.2d 813 (9th Cir.), *cert. denied*, 456 U.S. 1011, 102 S.Ct. 2308, 73 L.Ed.2d 1308 (1982)) (emphasis supplied).

The Colorado River doctrine seems to have arisen primarily to keep plaintiffs from getting "two bites of the apple" by filing in federal and state court and then putting the federal case on hold while they try their luck in the state court case. Although that is not the case here (the Nymarks filed the state case and Plaintiffs merely counterclaimed in state court), Plaintiffs make no response to Defendant's argument in their reply. The Ninth Circuit prohibition against declining to exercise exclusive jurisdiction is clear and unequivocal.

Defendant's reply also requests this Court to exercise supplemental jurisdiction over the pending state claims. Considering that the state litigation is virtually on the eve of trial, the Court declines that invitation.

**Conclusion**

Plaintiffs' request that these *in rem* proceedings be stayed pending the resolution of the parallel state proceedings *in personam* is in conflict with the Ninth Circuit rule forbidding federal courts to decline to exercise their exclusive jurisdiction. The motion will be denied.

This matter has been pending since December 2006 with no movement toward the establishment of a trial date and associated pretrial deadlines. Presumably all or nearly all of the

**ORD ON MTN**
**TO STAY - 3**

1  requisite discovery has been accomplished in anticipation of the upcoming trial.  The parties must

2  confer pursuant to FRCP 26(a) and submit a Joint Status Report by June 4, 2007.

4      The clerk is directed to provide copies of this order to all counsel of record.

5      Dated:  May 23, 2007

                                        Marsha J. Pechman
                                        U.S. District Judge

**ORD ON MTN
TO STAY - 4**